| | |
|---|---|
| PIEDMONT ROOFING SERVICES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CHURCH MUTUAL INSURANCE COMPANY, ) | |
| MARC MORRIS, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on a Moton to Dismiss, filed by Defendants Church Mutual Insurance Company ("Church Mutual") and Marc Morris ("Morris"). (Doc. No. 6). The deadline to respond was August 28, 2024, and Plaintiff Piedmont Roofing Services, LLC ("Piedmont"), has not filed a response. This matter is now ripe for disposition.

## I. Background

### A. Plaintiff's Allegations

In assessing Defendants' motion to dismiss under FED. R. CIV. P. 12(b)(6), the Court presumes that the following factual allegations in Plaintiff's Complaint are true:

On June 17, 2020, Trinity Memorial United Methodist Church's ("Trinity") establishment (the "Property") sustained a covered loss due to wind/hail damage (the "Loss Event"). At that time, Church Mutual and Trinity were parties to an insurance contract (the "Policy") covering the Property. Trinity submitted an insurance claim (the "Claim") to Church Mutual, and Church Mutual accepted responsibility under the Policy. However, Church Mutual did not adequately pay the benefits owed and due under the Policy.

On or about March 30, 2022, Trinity hired Piedmont as a general contractor and executed

a contract in which it purported to assign all insurance claims related to the Loss Event to Piedmont. Piedmont then completed the necessary work and repairs pursuant to its contract with Trinity.

### B. Procedural Background

On June 3, 2024, Piedmont filed a complaint in the Mecklenburg County Superior Court, asserting five causes of action: (1) breach of contract; (2) declaratory relief that the assignment was valid; (3) bad faith under the North Carolina unfair and Deceptive Trade Practices Act ("UDTPA"); (4) lack of compensation for general contractor overhead and profit; and (5) disregard of state and local building code upgrades. On August 7, 2024, the case was removed to this Court and on August 14, 2024, Defendants moved to dismiss.

## II. Legal Standards

Defendants have moved to dismiss under FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of the complaint by asking whether the Plaintiff "has stated a cognizable claim." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). In reviewing a 12(b)(6) motion, the Court must accept as true all factual allegations in Plaintiff's complaint and draw all reasonable inferences therefrom in the light most favorable to Plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). That said, to survive Defendants' 12(b)(6) motion, Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level," such that the complaint contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a 12(b)(6) motion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Instead, a complaint survives only if it "states a plausible claim for relief" that

"permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

While a Rule 12(b)(6) motion "generally cannot reach the merits of an affirmative defense," Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007), the Fourth Circuit has made an exception for the statute of limitations. United States v. Kivanc, 714 F.3d 782, 789 (4th Cir. 2013) ("The statute of limitations is an affirmative defense that may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim."). This exception only applies, however, in the "relatively rare circumstances" when all facts necessary clearly appear on the face of the complaint. Richmond, Fredericksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993).

In adjudicating a Rule 12(b)(6) motion, the Court considers "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). For example, the Court may consider the provisions of an insurance policy in relation to a motion to dismiss. See Borough of Moosic v. Darwin Nat'l Assurance Co., 556 Fed. Appx. 92, 95 (3rd Cir. 2014).

Plaintiff has not responded to Defendants' motion to dismiss, and the time to do so has passed. Plaintiff is therefore deemed to have abandoned its claims. See, e.g., O.V. v. Durham Pub. Schs. Bd. of Educ., No. 1:17cv691, 2018 WL 2725467, at *22 (M.D.N.C. June 6, 2018) (noting that when a party fails to offer an argument against dismissal of a claim in their opposition that the court should deem the claim abandoned and dismiss it). Nevertheless, the Court will consider the merits of Defendants' motion to dismiss.

III.  Discussion

A. Defendants' Contention that Plaintiff's Claims Are Time-Barred

N.C. Gen. Stat. § 58-44-16(f)(18) states that, in the context of real property insurance, "[n]o suit or action … for the recovery of any claim shall be sustainable in any court of law ... unless commenced within three years after inception of the loss."[1] The Policy in this case is in line with the statute, stating that "[n]o one may bring a legal action against [Church Mutual] … unless … the action is brought within three years after the date on which the direct physical loss or damage occurred." Here, the Complaint states that the Loss Event occurred "on or about June 17, 2020." Plaintiff did not file suit until June 3, 2024—approximately four years later. Per the Policy and North Carolina law, Plaintiff's suit is untimely—and its untimeliness appears on the face of the complaint.

### B. Defendants' Contention that Plaintiff Lacks Standing to Sue under the Policy

"To withstand a motion to dismiss for failure to state a claim …, a plaintiff's allegations must either show it was in privity of contract, or it is a direct beneficiary of the contract." Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc., 143 N.C. App. 1, 8, aff'd per curiam, 354 N.C. 565 (2001). As the Supreme Court of North Carolina has held, "[t]he insurance contract is procured by the insured for his own protection, and not for the protection of a third person who may sustain an injury. In the absence of an enabling statute, therefore, or a policy provision having that effect, the latter may not proceed against the insurer …." See Taylor v. Green, 242 N.C. 156, 158 (1955) (citation omitted).

Here, the Policy does not identify Plaintiff as an insured, so Plaintiff could only attain standing to sue Church Mutual if there were a valid assignment. However, the Policy explicitly precludes all transfer of Trinity's rights and duties under the Policy without written consent from

---

[1] While this provision falls under a section titled "Fire insurance policies," the Fourth Circuit has noted that the title is misleading and held that the limitations period is applicable to other policies insuring real property as well. See Skyline Restoration, Inc. v. Church Mut. Ins. Co., 20 F.4th 825 (4th Cir. 2021).

Church Mutual. North Carolina law permits parties to contractually limit such transfers. See e.g., Race City Fasteners, Inc. v. Selective Ins. Co. of S.C., No. 5:05-CV-9-V, 2007 WL 1340404, at *9–10 (W.D.N.C. May 3, 2007) (holding, after assessing similar provisions, that "[plaintiff's] assignment of rights does not comply with the plain language of the Policy, namely, the requirement that [plaintiff] obtain written consent prior to assignment."). Plaintiff does not allege that Church Mutual gave written consent to the assignment as required by the Policy. Thus, even accepting Plaintiff's allegations as true, Trinity did not successfully assign its contractual rights, and Plaintiff does not have standing to sue under the Policy.[2] Thus, the Court will grant Defendants' motion to dismiss for this additional reason.

## IV. CONCLUSION

The Court will grant Defendants' motion to dismiss because (1) Plaintiff's claims are time-barred under North Carolina law and the Policy, and (2) Plaintiff does not have standing to sue because Trinity's rights under the Policy were not successfully assigned to Plaintiff.

### ORDER

**IT IS, THEREFORE, ORDERED,** that Defendants' motion to dismiss, (Doc. No. 6), is **GRANTED.** The matter is hereby **DISMISSED** with prejudice.

Signed: October 14, 2024

Max O. Cogburn Jr
United States District Judge

---

[2] Defendants also put forth various arguments related to the merits of the underlying claims. However, since all claims will be dismissed for the aforementioned reasons, the Court need not reach the merits.